Leigh Horner appeared for Capital Options Appellant in this case, 53, which is probably the easiest one to sort out of what we have today. This was a dismissal without prejudice of the Chapter 11 plan because the court found it was not feasible. The feasibility, of course, the plan was based on collecting the money that is involved in the other two cases. If we can't collect from them because the limitations has run out, then there's no way a plan would work. We had suggested to the court that – So if you lose on the first two cases, then this is an affirm? That's right. But, all right, so if you lose on the G-2 part of it but you don't lose on the misconduct part, what then? What happens then? Well, this case could be reinstated because Capital Options does have creditors, scheduled creditors it has to pay. Well, does it have to be – but do we – does it have to be – is it re-vacated then or reversed? Judge Nielsen dismissed it without prejudice, keeping in mind that once we figure out at the appellate level what's to happen, it could be reinstated. In other words, our plan – first of all, there was no objections to the plan. It was derailed at the behest of people that owe money to Capital Options, and originally Judge Nielsen said, well, you really don't have standing to object. But the fact is, all of the unsecured creditors, there was no ballots that voted against the plan. It is going to be a liquidation plan, if you will, that is going to be collecting money from these various sources and paying the creditors. So what I would do if we were fortunate enough to get a reversal here is ask Judge Nielsen to reinstate the Chapter 11 plan and get that moving. The disclosure statement was approved. Before you get to what you'd like to have us do, we have an independent responsibility to find our jurisdiction. Yes. And I don't see any jurisdiction here. The order simply is not final. The court was clear on it. It's holding open for you to perform the magic and isn't going to throw it out. But because it's not final, clearly not final, said to be not final, then we have no subject matter jurisdiction. We can't help you out. How do you get around that? We filed the appeal to make sure that we didn't, if we did prevail on the other cases, they didn't come back and say, well, you didn't appeal on the plan this month, so you're out of luck. Well, I have a feeling the Banksy judge has already preserved that for you. He's saying if you go up and find jurisdiction, I'm holding this open to deal with it, but right now I'm not going to do it. So I just don't see the subject matter jurisdiction for us to decide that issue. I can see the other issues, but I don't see this one. If Your Honor says you don't have jurisdiction, I'm not going to argue with you. Oh, I'm only one-third of the panel. You've still got two-thirds you can get if you've got a good argument. It was filed as a precaution so that we didn't get thrown out of court if we did preserve the other matters on appeal, but then we could not reinvigorate, if you will, our Chapter 11 plan. And that's the basis. It's our contention on appeal that it could have been confirmed. We still have to work our way through the system to get the G-2 money back where it belongs in capital options hands. But the plan could be confirmed. One thing I should point out, administrative claims have to be paid on the effective date unless there's an agreement to the contrary. Judge Nielsen heard from, and it's in the record, our firm agreed to defer payment of our administrative fees. Terry Dake, the trustee's attorney, also agreed. What we don't have in the record is the Chapter 7 trustee's agreement, but Mr. Dake indicated that that would be agreeable as well. So that would be a legal reason to dismiss the case as nonfeasible. But I just wanted to bring that to the Court's attention. That's basically our argument. So do we have an attorney's fees issue here? We do not. We never got to the issue of administrative attorney's fees, Your Honor. Okay. If the panel has no questions, I'll just reserve the balance of my time. Okay. Thank you. Thank you. Thank you. Good morning. May it please the Court, Steve Jerome for Baker, Hostetler, and Mr. Loomis. I think, once again, counsel kind of oversimplifies the procedural issues below. Judge Nielsen denied confirmation of a Chapter 11 plan on three independent 1129, 11 U.S.C. 1129 grounds under the Bankruptcy Code. He denied it because the plan was not feasible. He determined it was not proposed in good faith as required by 1129A3. And he determined that it did not satisfy 1129A9 with respect to the ability to pay all administrative claims on the effective date without agreement of the claim holders. The only issue appealed by capital options was the determination of feasibility. Capital options did not preserve as an issue on appeal whether or not the plan satisfied 1129A9 or whether the plan was feasible. Do you think this is final? Your Honor, I think denial and dismissal of a bankruptcy case, I think it would be final because you essentially now have removed that case from the bankruptcy court's protection. The automatic stay terminated, and this capital options is no longer being supervised. Let me tell you what the bankruptcy court thought, the person we're viewing. I'm going to deny confirmation of the plan. And there's pause. Again, this closure is without prejudice. And if something can be accomplished at the appellate level, I'll consider the possibility of reopening the Chapter 11 case. Now, how does that become a final order? The bankruptcy judge is clearly keeping it for another purpose. Your Honor, I think what Judge Nielsen was trying to do is reopen for the possibility the problem becomes then at what point, how long, is that indefinite? And what statement did he make that's inconsistent with the words I just read to you from his mouth? Nothing, Your Honor. Okay. But I'm trying to put that in a procedural framework of you have an order that's a dismissal without prejudice. The Rule 5960 time periods will have long since run. How do you reinstate a bankruptcy case that has been ---- It may be a problem for Judge Nielsen. Yes. But as far as the record we have now ---- You could conclude that it is a non-final order. We have no subject matter jurisdiction. You have no subject matter jurisdiction. That is a possible outcome, yes, sir. Possible. Okay. Thank you. And, again, I don't think that the capital options preserved on appeal the two other independent bases for dismissal or, excuse me, denial of plan confirmation. And part of the problem is more perhaps a functional, but when a bankruptcy case is dismissed, there are a lot of you're no longer supervised by the court, you're no longer filing monthly operating, but there's a lot of procedural issues. So I appreciate the technical legal argument, Judge Wallace. It's jurisdictional. Yes. It's hardly technical. Yes. I understand that. I'm just a poor bankruptcy lawyer, Your Honor, and I'm trying to imagine how this will work in my world as a practical matter of denial of a confirmation or dismissal of a case. As a practical matter, if we find that because the judge had deemed it to be non-final and we don't have jurisdiction to take the case, then what would happen, let me confirm with you, what would happen is that if they tried to reopen it below, then you would come in and say, well, there's three independent grounds. Each of those would cause the matter not to be reopened, right? And then the fight would be below. Correct. You're not giving up any arguments that you could raise below if this were to be resurrected before the bankruptcy, Judge. You're absolutely correct. If this court determines it lacks subject matter jurisdiction and essentially vacates the appeal and Mr. Horner tries to reinstate or capital options tries to reinstate, we have not waived any argument that it would be inappropriate to do so. And with that, I think I will yield my time to Mr. Stapleton. Thank you. May it please the Court, Warren Stapleton on behalf of G2 and Goldsmith. I don't know that I have very much to add to what Mr. Jerome stated. I would state that in defense of all the counsel here who are operating under the assumption that there is appellate jurisdiction, what — there's two things. First, the plan confirmation order, the denial of plan confirmation was a final order. That, you know, that denied confirmation and that's over. The question about the dismissal, you sort of have something here that's not been talked about, which is the interplay between section 349 and section 350 of the Bankruptcy Code. Section 349 of the Bankruptcy Code, when a case is dismissed, unless the court says something about, you know, what the dismissal does, essentially it puts the parties back in status quo ante under section 349B, unless this court for cause otherwise — orders otherwise, the dismissal of the case, other than under section 742 of this and the — any avoidable transfers that were avoided under bankruptcy law, any lien, it vacates any order, judgment, or otherwise ordered under this title under section 349B2, revests the property of the estate in the entity, which is section 349B3. So there is — there is some idea that there is finality there. I just want to point that out. And then section 350 allows a case that has actually been closed administratively by the court that allows you to reopen it. I agree with Judge Wynn that essentially no one is waiving arguments. So if this Court decides that the subject matter jurisdiction doesn't apply, then subject matter — then the same arguments would essentially all come back into play, which is, you know, the plan isn't feasible because unless there's litigation proceeds that were to come into the estate, there's — the creditors cannot be paid, so the plan is not feasible. And obviously I join in the 1129A9, which is there's not enough money to pay administrative creditors and no provision has been made to pay administrative creditors. The last thing I'd say is to the extent that there are standing issues that come up on rebuttal, you know, Judge Nielsen at one point indicated there was some concern about standing. The parties addressed that. And we had — you know, obviously our clients are impacted by the litigation that was called for under the plan. So — and then essentially under Ninth Circuit law, if you have a significant economic interest in what the plan is going to do, my client for sure has a significant economic interest because — Let me ask you this question. I'm trying to get — we're talking the practicalities a little bit. If — and I'm saying this hypothetically because we haven't conferenced on this case. So if the appellant were to lose on both of the first two cases that we discussed, is there a — someone can always bring a motion to reopen, but is there a basis to bring a motion to reopen? Well, I mean, there's no basis to reopen because there'd be no assets of the estate to administer. The debtor — there's no relief that the court could afford the debtor. That would be your argument. I'm going to ask him that question. And the last thing that I would say then to the court is that with respect to the denial of the confirmation order, regardless of whether or not G2 or Baker and Hostetler have any standing, the court has an independent duty under Section 1129 because the court's operating essentially to protect the creditors in that instance. So the policy behind the law really is that the court's trying to make sure that the creditors get treated in accordance with the dictates of the bankruptcy code. And so the court has an independent duty. So regardless of whether standing is — we had it or not and we submit that we do, the court would still have to go through the 1129 exercise. All right. Thank you. All right. Mr. Horner, if you lose on the first two appeals, is there a basis to still file a motion to reopen? There is none. There would be no assets to distribute. There'd be no money to pay administrative claimants like myself. It would be pointless. Okay. All right. Now you can go with your other arguments. I was just curious in terms of — Sure. No, I agree. The issue would have to be revived. If we did win on one or both, then we would present this to Judge Nielsen. Now we've got a pot of money to do something with. The objection was making jurisdiction up out of whole cloth. This was the reason they objected to the plan in the first place. We never reached that issue below, but you can't create jurisdiction in a plan if it's not there. So — but I think Your Honor is right on. If there's no pot, if you will, to distribute, we're done. That's it. So it's really going to turn on the first two cases. The first two appeals. Yes, Your Honor. All right. Thank you. Thank you. All right. All three matters having been argued, they'll all three be submitted at this time.
judges: Wallace, Callahan, Nguyen